IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Lewis Angton,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>　　　　　Respondents. | No. CV 09-1417-PHX-SRB (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Jerry Lewis Angton. Doc. #1. Pursuant to a plea agreement, Petitioner pled guilty on November 21, 2005, to two counts of sexual assault and two counts of attempted sexual assault, class two and class three felonies, respectively, under Arizona law. Doc. #11, Exh. B. On March 17, 2006, Petitioner was sentenced to 24 years in prison (two consecutive terms of 12 years) for the sexual assault convictions. Doc. #11, Exh. C. Additionally, he was sentenced to lifetime probation for the attempted sexual assault convictions, with probation to begin upon his discharge from prison. Id.

On April 11, 2007, Petitioner, through counsel, filed a Petition for Post-Conviction Relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. #11, Exh. D. Petitioner argued in his petition that his indictment in 2003 violated the state statute of

limitations because the offenses for which he was convicted occurred in 1994. Id. He further contended that his guilty plea did not waive the statute of limitations defense. Id. After briefing was completed, the trial court, on October 31, 2007, denied the petition for post-conviction relief. Doc. #11, Exh. G. The court found that the statute of limitations was tolled while Petitioner was in custody in another state and that any pre-indictment delay issue was waived when Petitioner pled guilty. Id.

On November 29, 2007, Petitioner, through counsel, filed a Petition for Review in the Arizona Court of Appeals, raising the same issues. Doc. #11, Exh. H. The Court of Appeals summarily denied review on October 21, 2008. Doc. #11, Exh. J.

Petitioner filed his *pro se* Petition for Writ of Habeas Corpus in this court on July 6, 2009. Doc. #1. He alleges three grounds for relief. In ground one, Petitioner alleges that his conviction was obtained in violation of the Fourteenth Amendment because the statute of limitations for his offenses had expired and a tolling amendment to the statute of limitations did not take effect until after the date of the offenses. In ground two, Petitioner also alleges a violation of the Fourteenth Amendment, claiming that prosecution was compelled in this case without due process of law. Petitioner claims the trial court had no jurisdiction over the case because the statute of limitations for the offenses had run. In ground three, Petitioner again alleges a violation of the Fourteenth Amendment, claiming the State has deprived him of life and liberty without due process and equal protection of the law. Petitioner again bases his claim on the allegation that the statute of limitations had run and any subsequent tolling provision should not apply to an offense that occurred before the tolling provision became law. On October 30, 2009, Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. #11. Petitioner filed a Traverse to Answer on November 16, 2009, along with supporting points and authorities. Doc. #12, #13.

**DISCUSSION**

Respondents contend that Petitioner's claims are procedurally defaulted. They further argue that the claims are not cognizable in a federal habeas petition because they involve the

application of a state statute of limitations. Because the court agrees that the claims are procedurally defaulted, the court will recommend that they be denied on that basis.

**A.  Procedural Default**

    **1.  Legal Standards**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient

<mark>- 3 -</mark>

to establish exhaustion." Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996)).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

**2. Grounds One, Two and Three**

Petitioner's claims in grounds one, two and three allege violations of the Fourteenth Amendment. Nowhere in Petitioner's state petition for post-conviction relief is a Fourteenth Amendment violation alleged. See Doc. #11, Exh. D. Nor is such a claim alleged in the petition for review to the Arizona Court of Appeals. See Doc. #11, Exh. H. Rather, Petitioner argues in the state court proceedings that the Arizona statute of limitations for his offenses expired before he was charged with the crimes. He says nothing about a due process, equal protection or other federal constitutional violation.

Petitioner contends in his traverse that he cited federal case law in his state post-conviction petition and that the state court should have known that he was also raising a due process violation. Petitioner, however, cited those cases for what they said about statutes of limitations and how such statutes protect against stale prosecutions. Doc. #13, Exh. A at 3-4.

Nothing in the state petition alerted the state court that Petitioner intended to raise a federal constitutional violation.

Having failed to present his federal constitutional claims in the state court, Petitioner has failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court.[1] As a result, the claims are procedurally defaulted. Petitioner has not alleged cause for the default and actual prejudice, nor has he shown a miscarriage of justice to overcome the procedural default. The court will therefore recommend that the claims be denied.

### C. Conclusion

Having determined that Petitioner's claims are procedurally defaulted, the court will recommend that the petition be dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report

---

[1] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 12th day of May, 2010.

/s/ Edward C. Voss
Edward C. Voss
United States Magistrate Judge